**LAW OFFICES OF MICHAEL A. RUGGIERI, LLC**
BY: Michael A. Ruggieri, Esquire
3405 West Chester Pike
Newtown Square, PA  19073
(610) 356-4343
mr 5492
email: m.ruggieri@juno.com                              **Attorney for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES CROCKER and LINDA CROCKER H/W | : | CIVIL ACTION |
| 48 Granite Road | : | |
| Levittown, PA 19057 | : | DOCKET NO. |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| KOOLTRONIC, INC. | : | **COMPLAINT AND** |
| 30 Pennington-Hopewell Road | : | **DEMAND FOR JURY TRIAL** |
| Pennington, NJ 08534 | : | |
| Defendant | : | |

## CIVIL ACTION COMPLAINT

**I.     PARTIES AND JURISDICTION**

1.     Plaintiffs James Crocker and Linda Crocker are adult individuals who are husband and wife and are citizens and residents of the Commonwealth of Pennsylvania, residing at 48 Granite Road, Levittown, PA 19057.

2.     Defendant Kooltronic, Inc. is, upon information and belief, a corporation organized and existing under the laws of the State of New Jersey engaged in the business of manufacturing and selling industrial cooling equipment with a principal place of business located at 30 Pennington-Hopewell Road, Pennington, NJ 08534.

3.     This is a civil action involving personal injuries to the Plaintiff James Crocker and the amount in controversy, exclusive of interest and costs, exceeds

$75,000.00. The grounds upon which the jurisdiction of this court is founded are the diversity of citizenship between parties and the nature and amount of the controversy pursuant to 28 U.S.C. § 1332.

4. Venue is proper in the Federal District Court of New Jersey pursuant to 28 U.S.C. § 1391(a) because this district is the judicial district in which the defendant resides and also where a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of this action is situated.

II. CAUSES OF ACTION

COUNT ONE:   JAMES CROCKER vs. KOOLTRONIC, INC. – NEGLIGENCE

5. Paragraphs 1 through 4 inclusive of the foregoing Complaint are hereby incorporated by reference herein and made a part hereof.

6. Defendant Kooltronic, Inc. owns and operates a 170,000 square foot commercial plant and office complex located on a 100 acre parcel of land at 30 Pennington-Hopewell Road, Pennington, NJ 08534. Kooltronic is engaged in the business of manufacturing and selling commercial cooling and air conditioning equipment.

7. At all times material hereto, defendant Kooltronic, Inc. acted through its duly authorized agents, servants, workmen or employees, acting within the scope of their authority and employment and in the course of said defendant's business.

8. At all times material hereto, and particularly on March 26, 2008, defendant Kooltronic, Inc. owned, occupied, managed, possessed and controlled the real property located at 30 Pennington-Hopewell Road, Pennington, NJ 08534, including but

not limited to the truck loading docks on the premises.

9. At all times material hereto, defendant had a duty to maintain its property and facilities in a reasonably safe condition, to inspect the property and facilities and to warn of or correct hidden defects and dangerous conditions on the property and facilities.

10. On March 26, 2008 at approximately 2:00 p.m., plaintiff James Crocker lawfully entered upon defendant's property for business purposes and was attempting to depress a loading dock plate into his truck when the device malfunctioned, causing him to strike his head and neck on an overhead door that was hanging too low, resulting in serious and permanent injuries to plaintiff, as more fully set forth hereafter.

11. Plaintiff's injuries were caused by dangerous, defective and latent conditions on defendant's property which consisted of an unsafe, poorly maintained and malfunctioning loading dock plate and overhead door.

12. Defendant knew or should have known of the existence of the defective and dangerous conditions prior to plaintiff's injury, and defendant was obligated to remedy, repair and eliminate the defects or to warn plaintiff of their existence.

13. The injuries sustained by plaintiff were caused by the negligence, carelessness and/or recklessness of the defendant, which consisted of the following:

    a) failing to maintain the premises, including the loading docks, docking plates, and overhead doors of the facility, in reasonably safe condition;

    b) failing to conduct proper and reasonable inspections of its property and facilities;

    c) failing to detect dangerous, defective and hazardous conditions on its property which should have been discovered upon reasonable inspection;

d) failing to use reasonable care in guarding against dangerous conditions on its property which it either knew or should have discovered;

e) failing to properly warn of or correct the dangerous, defective, unsafe and latent conditions on its property, which defendant knew or should have known existed on its property for an unreasonable length of time;

f) allowing dangerous, defective, unsafe and latent conditions to exist and remain on its property for an unreasonable length or time;

g) failing to remove, repair or correct the dangerous, unsafe, and defective conditions of its property which defendant knew or should have known existed on its property for an unreasonable length of time and which created an unreasonable risk of harm to plaintiff and those in his position;

h) failing to comply with applicable ordinances, codes, acts of assembly, statutes and standards in such cases made and provided;

i) failing to properly train and monitor the actions of employees and others working in the loading dock areas;

j) failing to properly instruct or advise plaintiff as to the operation of the loading dock plate;

k) telling plaintiff to use and operate the loading dock plate by himself without any instructions or warnings, when defendant knew or should have known that doing so created an unreasonable risk of harm to the plaintiff;

l) otherwise failing to exercise due and proper care under the circumstances.

14. As a direct and proximate result of the negligence, carelessness and/or

recklessness of the defendant, plaintiff was caused to suffer serious and permanent injuries, including but not limited to head injuries, post concussion syndrome, neck injuries, including cervical disc herniations with cervical radiculopathy, back injuries, post traumatic labyrinthitis, headaches, dizziness, blurred vision and other injuries and severe shock to the nerves and nervous system, mental anguish, pain and suffering, which he has suffered, is suffering and will continue to suffer for an indefinite time into the future, all to his great loss and detriment.

15. As a further result of the negligence, carelessness and/or recklessness of the defendant, the plaintiff was caused to incur substantial medical expenses for the treatment of his injuries and he will continue to incur such expenses for hospitals, doctors, therapists and medication to cure the ills inflicted upon him for an indefinite time into the future.

16. As a further result of the negligence, carelessness and/or recklessness of the defendant, plaintiff has been rendered disabled from his usual employment and he has suffered a loss of earnings and earning capacity which he will continue to suffer for an indefinite time into the future, all to his great loss and detriment.

17. As a further result of the negligence, carelessness and/or recklessness of the defendant, plaintiff has been unable to attend to his usual and customary activities, including family and social activities, and he has been deprived of the enjoyment of other pleasures of life, has been greatly embarrassed and inconvenienced and will continue to be so disabled and deprived for an indefinite time into the future, all to his great loss and detriment.

Wherefore, plaintiff James Crocker demands judgment in his favor and against

the defendant for an amount in excess of $150,000.00, plus interest and costs.

### COUNT TWO: LINDA CROCKER vs. KOOLTRONIC, INC. – LOSS OF CONSORTIUM

18. Paragraphs 1 through 17 inclusive of the foregoing Complaint are hereby incorporated by reference and made a part hereof.

19. At all times material hereto, plaintiff Linda Crocker was the wife of plaintiff James Crocker and she was responsible for his care, maintenance and well-being.

20. As a result of the negligence, carelessness and/or recklessness of the defendant, plaintiff Linda Crocker has been obliged to expend considerable sums of money for medicine and medical treatment and care in an effort to treat and cure her husband of the ills and injuries he has suffered, and she will be obliged to continue to do so for an indefinite time into the future, to her great loss and detriment.

21. As a further result of the negligence, carelessness and/or recklessness of the defendant, plaintiff has been deprived of the society, companionship, services and consortium of her husband, and she will continue to be so deprived for an indefinite time into the future, all to her great loss and detriment.

Wherefore, plaintiff Linda Crocker demands judgment against the defendant for an amount in excess of $150,000.00, plus interest and costs.

*s/ Michael A. Ruggieri*
MICHAEL A. RUGGIERI, ESQUIRE
Attorney for Plaintiffs

Date: 12/30/2009

## JURY TRIAL DEMAND

Plaintiffs, by their undersigned attorney, hereby demand a trial by jury on all issues raised herein.

Date: 12/30/2009

*s/ Michael A. Ruggieri*
MICHAEL A. RUGGIERI, ESQUIRE
Attorney for Plaintiffs

**CERTIFICATION PURSUANT TO L. Civ. P. 11.2 and F.R.C.P. 19(c)**

I certify that the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration proceeding, and there is no other action or arbitration proceeding contemplated at this time. I know of no other party who should be joined in this proceeding at this time.

                                                      *s/ Michael A. Ruggieri*
                                                      MICHAEL A. RUGGIERI, ESQUIRE
Date:  12/30/2009                       Attorney for Plaintiffs