UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES CROCKER and LINDA CROCKER,**  Plaintiffs,  v.  **KOOLTRONIC, INC.**  Defendant. | Civil Action No. 09-6579 (JAP)  **OPINION AND ORDER DENYING MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT** |

Presently before this Court is a motion brought by Defendant, Kooltronic, Inc., ("Kooltronic"), seeking leave to file a Third Party Complaint ("Third Party Complaint") against Estes Express Lines and its unnamed insurer ("Estes"), for defense and indemnification under the New Jersey Compulsory Motor Vehicle Insurance Law, and to compel the disclosure of certain documents from Estes. [Docket Entry No. 15]. Kooltronic has withdrawn its motion to compel, as Estes has complied with Kooltronic's discovery requests. [Docket Entry No. 21]. For the reasons set forth in this Order, the Court denies Kooltronic's motion for leave to file a Third Party Complaint.

## I. Relevant Facts and Procedural History[1]

On March 26, 2008, James Crocker ("Plaintiff") was injured at Kooltronic's facility while making a delivery for his employer Estes. Plaintiff's Brief in Opposition at 4 [Docket Entry No. 16-2]. Plaintiff asserts that as he was trying to unload the truck, Kooltronic's dock plate malfunctioned by springing up and causing him to hit his head on a dock door that was hanging below the top of the doorframe. Id.

---

[1] For purposes of this motion, the Court accepts all facts in the proposed amended complaint as true. Travelers Indem. Co., v. Dammann & Co., Inc., 592 F.Supp.2d 752, 763 (D.N.J. 2008).

Plaintiff filed a complaint on December 31, 2009, alleging that his injuries were caused by Kooltronic's negligence in failing to properly maintain its premises, failing to conduct proper inspections of the property, and failing to warn of or correct dangerous conditions on its property, among other theories of premises liability.  [Docket Entry No. 1].  The Court held an initial conference in this case on May 7, 2010, and subsequently issued a pre-trial scheduling order on May 24, 2010.  That Order provided that any motions to amend were to be filed only with leave of court and set June 25, 2010 as the filing deadline for any such motions.  In addition, fact discovery was ordered to close on September 17, 2010. [Docket Entry No. 12].  On September 3, 2010, the Court conducted a case status conference call, at which time scheduling issues were addressed.  In response to the parties' request, the Court entered a second scheduling order extending fact discovery until October 29, 2010. [Docket Entry No. 14].  Neither Plaintiff nor Kooltronic requested additional time to file a motion for leave to amend the pleadings.  Id.

Kooltronic filed this motion for leave to file a Third Party Complaint against Estes on October 7, 2010.  [Docket Entry No. 15].  In its motion papers, Kooltronic asserts that it is entitled to defense and indemnification from Estes' insurance carrier, pursuant to the loading and unloading doctrine (the "Loading & Unloading Doctrine") contained in New Jersey's Compulsory Motor Vehicle Insurance Law (the "Compulsory Insurance Law"), N.J.S.A. 39:6-B1(a).

Plaintiff and Estes oppose the motion, arguing that the proposed Third Party Complaint is futile because the Loading & Unloading Doctrine does not apply in negligent premises cases.  Plaintiff's Brief in Opposition at 5-8 [Docket Entry No. 16-2]; Estes' Brief in Opposition at 2 [Docket Entry No. 18].  They further argue that the case law on which Defendant relies is no longer followed in this jurisdiction.  Id.

2

On November 18, 2010, the Court held oral argument regarding the issues of futility and delay. During the argument, Kooltronic asserted that the motion was filed late because of a delay in fact discovery, and that the discovery had revealed that Kooltronic was entitled to defense and indemnification. Estes countered those arguments by stating that the Court cannot consider facts outside of the Complaint in determining whether there is coverage, and therefore should not consider subsequent information revealed in discovery in determining if the Third Party Complaint is futile. Because this issue was not raised in the prior submissions, the Court requested that the parties submit supplemental briefs with regard to the facts to be considered in evaluating coverage under the Loading & Unloading Doctrine. All parties to this motion submitted supplemental briefing on that discrete issue on November 23, 2010.

**II.    Standard of Review**

Motions for leave to file a third party complaint are treated in the same manner as motions for leave to amend the original pleadings. See Ryan v. Collucio, 183 F.R.D. 420, 423 (D.N.J. 1998); Cruz v. City of Camden, 898 F.Supp. 1100, 1105 (D.N.J. 1995). Pursuant to Federal Rule 15(a)(1), a party has a limited time within which to amend its pleading once as a matter of course. After that, a party must either have consent from the opposing party or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). The court, however, should give leave freely when justice so requires. Id.; Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). In the absence of "undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment," the amendment must be permitted. WHY ASAP, LLC v. Compact Power, 461 F. Supp. 2d 308, 311 (D.N.J. 2006) (quoting Grayson v. Mayview State Hosp., 293 F. 3d 103, 108 (3d Cir. 2002)).

Delay alone cannot be grounds to deny an amendment, but "the movant must demonstrate

that its delay in seeking to amend is satisfactorily explained." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotations omitted). Similarly, prejudice must be "undue" and rise to the level that the non-moving party would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence . . . ." Id. (internal quotations omitted).

An amendment that fails to state a claim upon which relief can be granted is futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). The standard for denying leave to amend based on futility is identical to the standard in granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See id. at 1434; Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). The court "must accept as true all factual allegations contained in the proposed amended complaint and any reasonable inferences that can be drawn from them," Travelers Indem. Co. v. Dammann & Co., Inc., 592 F. Supp. 2d 752, 763 (D.N.J. 2008), but the court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." Baraka v. McGreevey, 481 F.3d 187, 211 (3d Cir. 2007). Thus, an amendment "must plead sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." Iqbal, 129 S.Ct. at 1949.

## II.     Discussion

The Court must determine whether futility, prejudice, or undue delay should bar Kooltronic from filing its Third Party Complaint.  Each issue is discussed in turn.

### A. Futility: The Loading & Unloading Doctrine

The central question in determining if the Third Party Complaint is futile is whether Kooltronic has stated a plausible claim that Plaintiff's injury arose from the "use" of a motor vehicle, such that Kooltronic would be entitled to defense and indemnification under Estes' automobile insurance policy.  N.J.S.A. 39:6B-1(a); see Iqbal, 129 S.Ct. 1937 at 1949.

The relevant portion of the Compulsory Insurance Law requires that:

> Every owner or registered owner of a motor vehicle registered or principally garaged in this State shall maintain motor vehicle liability insurance coverage . . . insuring against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or **use** of a motor vehicle . . . .

N.J.S.A 39:6B-1(a) (emphasis added).

The word "use" in the statute has been interpreted to include the activity of loading or unloading an insured's vehicle.  Pisaneschi v. Turner Const. Co., 345 N.J. Super. 336, 344-45 (App. Div. 2001).  Under this interpretation, an owner of a vehicle must carry insurance to cover the damages of any person injured while loading or unloading the insured vehicle.  Id.

New Jersey courts have long recognized that the mere fact that an injured party was unloading a vehicle at the time of injury is not enough to trigger coverage under the Loading & Unloading Doctrine.  Atlantic Mutual Ins. Co., v. Richards, 100 N.J. Super. 180, 183 (Chan. Div. 1968); Kennedy v. Jefferson Smurfit Co., 147 N.J. 394, 402-403 (1997); Penn National Insurance

Co., v. Costa, 198 N.J. 229, 235 (2009); see also Forsythe v. Teledyne Turner Tube, 209 N.J. Super. 608, 613 (App. Div. 1986); Neuman v. Wakefern Foods, 205 N.J. Super. 77, 84 (App. Div. 1983). There must be a causal relationship between the vehicle and the injury so that automobile insurance carriers are not responsible for "damages sustained as a result of negligent maintenance of the premises where the loading or unloading was being carried out." Atlantic Mutual Ins. Co., 100 N.J. Super. at 185. Finding otherwise would "extend automobile liability coverage to negligence occurring prior to the arrival of the truck . . . ."

The recognition that negligent premises cases should not be covered by the Loading & Unloading Doctrine stems from the underlying public policy of the Compulsory Insurance Law. In Halifko v. Cities Service Oil Co., 510 F.Supp. 1131, 1136-37 (D.N.J. 1983), Judge Debevoise refused to extend coverage because the Compulsory Insurance Law's underlying legislative policy of protecting innocent motor vehicle accident victims who would otherwise be uncompensated for their injuries is not met by requiring an automobile insurance carrier to protect against injuries not caused by a motor vehicle. (citing Bellafonte v. GM Corp., 151 N.J. Super. 377, 382 (App. Div. 1977)). Judge Debevoise opined that "[i]t would seem ironic to require the truck driver's insurance company to defend the owner of a negligently maintained loading platform against a negligence claim brought by its own customer, the innocent victim . . . ." Id. at 1137. Thus, "[the] serious policy concerns and somewhat unclear state of the law in the lower courts of New Jersey point to the conclusion that the New Jersey Supreme Court would not choose to extend omnibus coverage to the owner of a truck loading platform on the facts presented in this case." Id.

The New Jersey Appellate Division approved of Halifko's policy rationale when it held

that the Loading & Unloading Doctrine applies only when there is a causal connection between the loading or unloading of a vehicle and the injuries sustained. Wakefern Food Corp. v. General Accident Group, 188 N.J. Super. 77, 84 (App. Div. 1983) (citing Halifko, 510 F.Supp. at 1136). In Wakefern, the plaintiff had been unloading his employer's trailer at Wakefern's loading dock when his foot caught on debris consisting of a broken pallet, cardboard, and wires. Id. at 80. The plaintiff sued Wakefern for the injuries he sustained. Id. Wakefern then sued for a declaratory judgment against the third party auto insurance for defense and indemnification. Id. The court refused to reallocate the risk to the auto insurance carrier and relied on the policy rationale set forth in Halifko. Id. at 84. The court reasoned that "[w]hen an accident, such as the one here presented, is occasioned by negligent maintenance of the premises and the only connection to that event is the fact that the motor vehicle and its operator are present because a delivery or pick up is to be made, no realistic social or public policy is served by straining to shift coverage." Id. at 87.

Kooltronic cites to a single case that extended coverage to a property owner when a loading dock plate malfunctioned during the unloading process. In Streeter v. Henry Heide, Inc., 171 N.J. Super. 58, 61 (App. Div. 1979), the New Jersey Appellate Division was faced with facts almost identical to those presently before the Court. Like Plaintiff in this case, Donald Streeter was injured when a spring-loaded dock plate malfunctioned and struck him while he was unloading his employer's truck on defendant's property. Id. at 60. The court, in a short opinion, stated that because the lowering of the dock plate was integral to the unloading of the truck, the accident was causally connected to the use of the vehicle. Id. at 61. The third party motor vehicle insurance carrier was held liable for defense and indemnification to Henry Heide. Id.

In a recent New Jersey Supreme Court case, however, the Court made clear that the

Loading & Unloading Doctrine must be more narrowly construed.  Penn National Insurance Co., v. Costa, 198 N.J. at 235.   The Court "explicitly [held] that, in order to determine whether an injury arises out of the . . . use of a motor vehicle thereby triggering automobile insurance coverage, there must be a substantial nexus between the injury suffered and the asserted negligent . . . use of the motor vehicle."  The Court went on to validate and uphold the policy arguments as set forth in Halifko and Wakefern, and stated that, "Wakefern presents the clearest analysis and conclusions most consistent with our statement of the substantial nexus test."  Id. at 241.   While the New Jersey Supreme Court does not expressly overturn Streeter, it does require a party seeking defense and indemnification to show significantly more than the simple fact that the vehicle was being unloaded before coverage can be triggered.  Penn National Ins. Co., 198 N.J. at 237-38, 241-42.

This Court finds that the reasoning expressed in Halifko, Wakefern, and Penn National presents the prevailing rule as to the application of the Loading & Unloading Doctrine, and that Kooltronic must show a substantial nexus between the vehicle and the injury.  Kooltronic has not made that showing, instead relying on the unpersuasive argument that Streeter requires coverage under the facts in this case.  The only fact asserted by Kooltronic in support of its motion is that Plaintiff was injured by his own negligence. The question in applying the Loading & Unloading Doctrine, however, is not who caused the injuries, but whether the vehicle was in use at the time the injuries occurred.  Because Defendant has failed to show a substantial nexus between the use of the vehicle and Plaintiff's injuries, this Court finds that no plausible claim has been asserted.[2]

---

[2] At oral argument, Kooltronic for the first time raised the issue of whether the Court may consider facts not alleged in the Complaint in order to determine coverage under the Loading & Unloading Doctrine.  The Court requested supplemental briefing on this issue.  Kooltronic asserts in its supplemental brief, without citing to any precedent or specific authority, that the Court must consider the fact that discovery shows that Plaintiff's own negligence played a

Therefore, the proposed Third Party Complaint is futile.

### B. Undue Delay

While delay alone cannot be grounds to deny an amendment, Kooltronic bears the burden of explaining the delay in seeking leave to file its Third Party Complaint. See Harrison Beverage Co., 133 F.R.D. at 468. Kooltronic has failed to meet that burden.

At oral argument, the Court raised the issue of delay in filing this motion, given that it was filed three months after the Court-ordered deadline for any motion requesting leave to amend. [Docket Entry No. 12]. Kooltronic responded that the delays in discovery caused the late filing, but did not give any specific reason as to why such delays prevented Kooltronic from filing this motion earlier. Although Kooltronic claims that fact discovery has shown that Plaintiff's injuries are a result of his own negligence, it has not shown that the facts relevant to its claim under Loading & Unloading Doctrine were not known from the outset of this case. Defendant's Supplemental Brief at 2 [Docket Entry No. 27]. Under the statute and relevant case law, whether a party is an additional insured turns not on whether there is a defense available, such as plaintiff's negligence, but whether a vehicle was in use. Indeed, the doctrine may impose a duty to defend even when a plaintiff's negligence was a cause of his or her injuries. Pisaneschi, 345 N.J. Super. at 344-45.

Kooltronic's response does not explain why it did not address the proposed Third Party Complaint with the Court prior to the filing of this motion. During the September 3, 2010 status conference in which scheduling was addressed and the time for completion of discovery was

---

role in the injury in determining if the Loading & Unloading Doctrine applies. The Court is satisfied that it need not decide whether it can look to facts outside the Complaint for purposes of this motion. Even assuming the facts argued by Kooltronic, it has failed to state a plausible claim for relief as Plaintiff's own negligence has no bearing on whether the vehicle was in use at the time of injury.

9

extended, Kooltronic never raised the possibility of filing a Third Party Complaint. Because Kooltronic has offered no sufficient explanation for the delay in filing the Third Party Complaint, the Court finds that the delay has been undue.

### C. Prejudice

Similarly, any prejudice suffered must be "undue" and rise to the level that the non-moving party would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence . . . ." See Harrison Beverage Co., 133 F.R.D. at 468. Plaintiff and Estes each raised the issue of prejudice at oral argument and in their supplemental briefs. Plaintiff asserts that allowing the Third Party Complaint would require a further extension of fact discovery, thus delaying the resolution of his case. Some discovery would likely need to be reopened, adding to Plaintiff's expense. Estes argues that the prejudice to it would be great, given that discovery had been on-going for ten months and had almost been completed without Estes' participation.

The Court finds these arguments compelling, and finds that Kooltronic has not presented any substantial justification for the prejudice to Plaintiff and Estes if the amendment were allowed.

**IV. Conclusion**

This Court finds that Kooltronic's Third Party Complaint is futile.  In addition, there is a lack of justification for the lengthy delay in filing this motion for leave to amend, and Plaintiff and Estes would be unfairly prejudiced if the amendment were allowed.  Therefore, Kooltronic's motion for leave to file the proposed Third Party Complaint will be denied.

For the reasons set forth above, and for good cause shown,

**IT IS** on this **18th**  day of  **February, 2011,**

**ORDERED** that Defendant's motion for leave to file a Third Party Complaint [Docket Entry No. 15] is **DENIED**.

_____
**LOIS H. GOODMAN
United States Magistrate Judge**